IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


LATOYA PENNY, et al.                                                                                       PLAINTIFF


V.                                         CASE NO. 12-CV-1052


ARKANSAS DEPARTMENT OF HUMAN
SERVICES, et al.                                                                                          DEFENDANTS


**ORDER**

  Before the Court is a Motion to Dismiss Amended Complaint filed by Defendants. (ECF No. 26). Plaintiffs have responded. (ECF. No. 28). This matter is ripe for the Court's consideration.

**BACKGROUND**

  Plaintiffs filed this suit on behalf of themselves, their minor children, and all other persons similarly situated. Plaintiffs are parents whose children attend or did attend Sparkman Learning Center and are beneficiaries of disability-related children services funded by the Arkansas Department of Human Services ("DHS"). The majority of these funds flow through DHS to Plaintiffs' children through the federal-state Medicaid program. Sparkman Learning Center was licensed by DHS as a Developmental Day Treatment Clinic ("DDTC") and was receiving DHS funds. The services provided by Sparkman Learning Center included the following: early intervention programs for children with developmental delays, developmental disability treatment for children with developmental delays and special needs, speech therapy services, transportation services, and child nutrition programs. On or about May 2, 2012, Plaintiffs were notified via letter that, as of May 18, 2012, Sparkman Learning Center would no longer be eligible to provide services

funded by DHS. By invoking Policy 1088, DHS excluded Sparkman Learning Center from participation in all DHS programs because the center had violated DHS programs regulations when it placed a prohibited person in a position of authority at the center.

Plaintiffs claim that the exclusion of Sparkman Learning Center from participation in all DHS programs, which will allegedly force the center to close its doors, is in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, the Rehabilitation Act, 29 U.S.C. § 794, and the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400. Plaintiffs filed a combined Motion for Restraining Order and Motion for Preliminary Injunction (ECF No. 3). The Court held a hearing on the motion, and the motion was subsequently denied. (ECF No. 25). Defendants filed a Motion to Dismiss Amended Complaint (ECF No. 26), which the Court will now address.

## DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) should be granted when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint must be liberally construed in the light most favorable to the plaintiff, and a court must accept as true all factual allegations in the complaint, even if doubtful. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55, 127 S. Ct. 1955 (2007). Dismissal should be granted only when the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "ro raise a right to relief above the speculative level." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

### A. ADA and Rehabilitation Act Claims

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Section 504 of the Rehabilitation Act provides that "[n]o other qualified individual with a disability . . .  shall, solely by reason of his or her disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .  29 U.S.C. § 794(a).  Section 504 of the Rehabilitation Act is similar in substance to the ADA and utilizes largely the same test to determine whether violations have taken place.  *Bahl v. County of Ramsey*, 695 F.3d 778, 783 (8th Cir. 2012) ("The ADA and § 504 of the Rehabilitation Act are similar in substance and, with the exception of the Rehabilitation Act's federal funding requirement, cases interpreting either are applicable and interchangeable for analytical purposes.") To prevail on a Title II ADA claim, a plaintiff must establish: (1) that he or she is a person with a disability as defined by statute; (2) that he or she is otherwise qualified for the benefit in question; and (3) that he or she was excluded from the benefit because of discrimination based upon his or her disability.  *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999); *see* 42 U.S.C. § 12131.

Here, the Court accepts as true the facts that Plaintiffs' children have disabilities as defined under the acts and that the children are otherwise qualified to receive the disability services that they were receiving at Sparkman Learning Center.  The central issue is whether DHS's decision to invoke Policy 1088 to exclude Sparkman Learning Center from participation in DHS programs could be viewed as an exclusion of Plaintiffs' children from receiving DHS services or Medicaid benefits

3

because of their disabilities.  Simply put, the question is whether state action against Sparkman Learning Center could equate to discrimination on the basis of disability against Plaintiffs' children.

Plaintiffs cannot meet the third prong of the ADA/Section 504 analysis, which requires a showing that Plaintiffs' children were discriminated against solely based on their disabilities. Plaintiffs conclude in their Amended Complaint th0at, if Sparkman Learning Center closes, Plaintiffs' children will not have the equal opportunity to obtain the same benefits or to reach the same level of achievement as students without disabilities.  However, Plaintiffs have failed to state facts sufficient to support an inference that the alleged exclusion of the children involved was based solely on their disabilities or that these children are being denied any care available to children without disabilities.  There is no dispute that DHS excluded Sparkman Learning Center from participation in DHS programs because Sparkman Learning Center was deemed ineligible to participate in these programs.  Plaintiffs' children are indirectly affected by DHS's decision to exclude Sparkman Learning Center from DHS services; however, DHS's decision to exclude Sparkman was not based on the disabilities of Plaintiffs' children.  Moreover, none of the children have been denied the right to apply for funding or accommodations from another qualified provider. *See O'Bannon v. Town Court Nursing Ctr.*, 447 U.S. 773, 786, 100 S. Ct. 2467 (1980) ("[W]hile a patient has a right to continued benefits to pay for care in the qualified institution of his choice, he has no enforceable expectation of continued benefits to pay for care in an institution that has been determined to be unqualified.")  In the Amended Complaint, Plaintiffs speculate that their children will be denied certain services in the future because of a lack of eligible providers in the area; however, there is no allegation that these children have been or are presently being denied services

at an alternate facility in the area.[1]  For these reasons, the Court finds that Plaintiff has failed to effectively state a claim for relief under the ADA and Section 504 of the Rehabilitation Act.

### B. IDEA Claims

The IDEA seeks to ensure that all disabled children receive a free appropriate public education designed to meet their needs. 20 U.S.C. § 1400(d)(1)(A). The IDEA also provides certain procedural "safeguards to permit parental involvement in all matters concerning the child's educational program and [to allow] parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate." *M.P. v. Indep. Sch. Dist. No. 721*, 326 F.3d 975, 979 (8th Cir. 2003). In the IDEA section of their Amended Complaint, Plaintiffs state two purposes of the IDEA, assert that Plaintiffs' children are eligible for services under the IDEA, and claim that Plaintiffs have a right to appeal the decision of a placement change for their children. Further, Plaintiffs claim that any part aggrieved by the findings and decision regarding an administrative complaint has a right to bring a civil action in a district court. Plaintiff's conclude their IDEA section of the Amended Complaint by stating that "Defendants' actions . . . violate the Plaintiffs' rights under the IDEA." Plaintiffs seem to allege that the lack of an opportunity to appeal DHS's decision to exclude Sparkman Learning Center before the exclusion went into effect is in violation of the IDEA. However, Plaintiffs do not specify what specific IDEA regulation that Defendants

---

[1] Plaintiff Latoya Penny alleges in the Amended Complaint that she "called the other providers within a reasonable geographic range, and none of them have spots available for her son." Plaintiff Carmelitha Stewart alleges in the Amended Complaint that she called one day care provider in her area and was told that it had a waiting list. Plaintiff does not state whether she asked for her child to be placed on the waiting list. For purposes of deciding this Motion to Dismiss, the Court assumes that these statements are true. However, neither Plaintiff alleges that she enrolled or even attempted to enroll her child in an alternate DDTC facility in the area and was denied the right to apply for funding or accommodations from another qualified provider. It seems that Plaintiffs have not suffered any injuries if they have not yet even attempted to secure the services of other qualified providers in the area. Because of the speculative nature of any injuries to Plaintiffs, whether Plaintiffs have standing to bring this lawsuit is questionable.

allegedly violated, they do not allege that their children have been denied access to a free appropriate public education, and they state no facts to support their IDEA allegations. The Amended Complaint sets forth vague, conclusory, and general allegations of IDEA violations, which are not sufficient to state a claim for IDEA violations. Accordingly, the Court finds that Plaintiffs' IDEA section of their Amended Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570, 127 S. Ct. 1955.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Dismiss (ECF No. 26) should be and hereby is **GRANTED**. Plaintiff's claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of March, 2012.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge